United States District Court
Southern District of Texas
**ENTERED**
October 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS MIGUEL VASQUEZ LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-1043 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Luis Miguel Vasquez Lopez is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).

Petitioner concedes that the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) forecloses his statutory arguments. But he contends that *Buenrostro* did not address whether the Fifth Amendment's Due Process Clause permits Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond. The Court has previously considered and rejected similar arguments. *See, e.g., Makhmudov v. Lyons*, No. 1:26-CV-024, 2026 WL 879392, at *1 (S.D. Tex. Mar. 31, 2026) (citing *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25- CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26- CV00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); and *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024)). Additionally, the Court finds the reasoning of other district courts in denying relief to be persuasive. *See, e.g., Castellano v. Strong*, No. 6:26-CV-125-H, ___ F.Supp.3d ___, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time.").

Petitioner also alleges a claim under the Administrative Procedure Act. But that statute can support a cause of action only when "no other adequate remedy in a court" exists. 5 U.S.C. § 704; *see also Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (explaining "that habeas corpus, not the APA, is the proper vehicle" when a litigant can allege a claim in habeas); *Garibay-Robledo v. Noem*, 814 F.Supp.3d 747, 760 (N.D. Tex. 2026) (rejecting analogous APA claim). In the present case, Petitioner can and has asserted his case in habeas, precluding his reliance on the APA.

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that by no later than October 22, 2026 Petitioner Luis Miguel Vasquez Lopez shall file a Statement explaining why the reasoning in the previously-referenced decisions does not apply to the claims that he presents.

In addition, it is **ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 1–1) is **DENIED**.

If Petitioner does not file the Statement, the Court will deny the Petition.

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on October 1, 2026.

Fernando Rodriguez, Jr.

Fernando Rodriguez, Jr.
United States District Judge